**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

ADAM POTTER,

                                        Plaintiff,

            v.

BEACON INTERCONTINENTAL GROUP,
INC.,

                                        Defendant.

---

C.A. No.  1:23-cv-02914-JGK-OTW

## JOINT RULE 26(f) REPORT AND [PROPOSED] DISCOVERY PLAN

Counsel for Plaintiff Adam Potter ("Potter") and Defendant Beacon Intercontinental Group, Inc. ("Beacon") conferred on July 27, 2023, pursuant to Federal Rule of Civil Procedure 26(f).  In accordance with the Court's July 21, 2023 Order [ECF 33], Potter and Beacon submit the following Rule 26(f) report and discovery plan for the Court's consideration and approval:

I.      **STATEMENTS OF THE CASE**

        A.      **Potter**

        This case is related to another action pending before this Court styled *Adam Potter v. Beacon Intercontinental Group, Inc. and Business Insurance Holdings, Inc.*, Case No. 20-cv-04599-JGK-OTW (the "Initial Action"). This case and the Initial Action arise out of the same transaction – Potter's sale of Business Insurance Holdings, Inc. ("BIH") to Beacon in September 2019. In the Initial Action against Beacon and BIH (collectively, the "Defendants"), Potter asserts claims arising out of a stock purchase agreement (the "SPA"). Among other things, the SPA required Beacon to execute and deliver to Potter a $1 million Promissory Note (the "Note") at closing on the sale of BIH. The Note is expressly incorporated into, and made part of, the SPA.  However, the SPA states that it is enforceable in New York while the Note states that it is enforceable in Delaware.

1

Consequently, to enforce his rights under the Note, Potter filed this case in the District of Delaware. On March 31, 2023, the parties stipulated to, and this Court approved, the transfer of this case from the District of Delaware to the Southern District of New York. ECF 16, 17 (23-cv-02914). Thereafter, on May 22, 2023, the Court entered an order consolidating this case and the Initial Action "for all purposes under the Initial Action." ECF 23 (23-cv-02914); ECF 171 (20-cv-04599) (same). Potter incorporates his Statement of the Case submitted in the Initial Action as if fully restated herein. See ECF 24 (20-cv-04599).

Here, in this case, Potter asserts one count for breach of contract against Beacon for failing to pay the $1 million principal owed to him pursuant to the Note. The Note had a maturity date of December 31, 2019 and states that its $1 million principal is subject to a potential dollar-for-dollar adjustment if BIH's gross revenue for the six months ending December 31, 2019 is not at least $2 million. That adjustment did not apply because BIH's gross revenue for the six months ending December 31, 2019 *exceeded* $2 million by several hundred thousand dollars. Yet Beacon did not pay Potter the $1 million as promised causing Potter to suffer damage as a result.

Potter seeks to recover all amounts due and payable to him under the Note, including but not limited to, unpaid principal, default (contractual) interest,[1] and the "Costs of Collection."[2] Potter also seeks post-judgment interest.

### B.      Beacon

As a preliminary matter, Potter is not entitled to any relief, whether under the Note or the SPA, because Potter fraudulently induced Beacon into acquiring BIH.  Specifically, during pre-

---

[1] "[I]nterest at the rate of the lower of (i) eighteen percent (18%) per annum or (ii) the highest rate permitted by law, until paid." Note, ¶ 4.

[2] "[A]ll costs, expenses and reasonable attorneys' fees and the costs of paralegals and collection agents, incurred by the Holder in connection with the collection of any amount due under this Note or any aspect of this Note, including any default, as well as any proceedings which may involve this Note or any other agreement or document relating hereto including, but not limited to, arbitration, mediation, litigation, or bankruptcy proceedings." *Id.* at ¶ 9.

sale diligence, Potter knowingly provided Beacon with falsified financial statements that grossly overstated BIH's EBITDA, the very metric Potter and Beacon used to calculate the transaction's $5 million purchase price. Consequently, Potter has no right to the $1 million balance of the purchase price and, instead, is liable to Beacon for fraudulently inducing Beacon into overpaying for BIH.

In any event, even if Potter did not fraudulently induce Beacon into acquiring BIH (he did), and otherwise would have been entitled to the $1 million balance of the purchase price, payment of that $1 million was subject to a dollar-for-dollar reduction if BIH's gross revenue for the six months ending December 31, 2019, was not at least $2 million. And, as Beacon will demonstrate, Potter orchestrated several fraudulent transactions that inflated BIH's gross revenue during the Adjustment Period so that it appeared as though BIH's gross revenue for the Adjustment Period exceed $2 million. In reality, however, when these fraudulent transactions are unwound, BIH's *actual* gross revenue for the Adjustment Period was so low that the $1 million payment was reduced to nothing given the dollar-for-dollar adjustment set forth in both the Note and the SPA.

Finally, to the extent Potter is entitled to payment of the $1 million purchase price balance, he is not entitled to recover the default interest and collection fees set forth in the Note. The SPA is a fully integrated document that superseded the Note. And while the SPA referenced the Note, it does not include any terms or conditions of the Note other than payment of the $1 million. There is no reference to interest or collection fees, and the SPA itself does not provide for default interests or collection fees if Beacon did not pay the $1 million if it had been obligated to do so. Accordingly, Potter is limited to the relief set forth in the SPA, if any.

## II.  POSSIBILITY FOR EARLY SETTLEMENT/RESOLUTION

Potter made a global settlement demand on April 5, 2023, and Defendants will respond to that demand. The parties recently discussed participating in a mediation for the Initial Action and this case. Potter is in favor of a global mediation pending receipt of a written response to his demand and a mutual agreement between the parties on a format for mediation and selection of a mediator. Beacon and BIH are also willing to participate in global mediation; however, as it now stands, the parties appear to be too far apart to make mediation a useful endeavor. Nevertheless, Beacon and BIH will respond to Potter's most recent demand and the parties will meet and confer to determine whether to pursue mediation.

## III.  TIMING FOR DISCLOSURE OF RULE 26(A)(1) INITIAL DISCLOSURES

Pursuant to Rule 26(a)(1)(A), Potter and Beacon have agreed not to exchange initial disclosures in this case given that the parties have already exchanged initial disclosures in the Initial Action. *See* ECF 24 (20-cv-04599). To the extent that either party desires to supplement his or its initial disclosures from the Initial Action at this time, that party shall do so within fourteen days from the date that this Order is entered. With minor exceptions the parties intend to rely on the discovery schedule in the Initial Action which is being overseen by Magistrate Judge Wang.

## IV.  DISCOVERY PLAN

Subject to Court approval, Potter and Beacon have discussed and agreed that the sequence and timing of discovery and other pretrial deadlines in this case should proceed in the same manner as, and consistent with, the current schedule in the Initial Action. At this time, Potter and Defendants are working towards completing outstanding discovery in the Initial Action. Defendants previously agreed in the Initial Action to make supplemental productions and to produce two corporate representatives for depositions pursuant to Rule 30(b)(6). Further, the

Court recently entered an order in the Initial Action compelling Defendants to produce certain categories of communications and documents (in addition to the categories on which Defendants previously agreed to supplement) and to complete all supplemental productions by September 8, 2023. ECF 175, 180 (20-cv-04599). Potter and Beacon agree to work cooperatively and in good faith to address and resolve additional discovery disputes that may arise between them.

**A.      Changes to the Timing, Form or Requirement of Rule 26(a) Disclosures**

*See* above.

**B.      Subject(s) of Discovery and Whether it Should be Conducted in Phases**

Without limiting their rights to assert objections or seek relief from the Court pursuant to Federal Rule of Civil Procedure 26(c), and subject to any applicable orders entered by the Court, Potter and Beacon agree that the subjects of discovery in this action will focus on the allegations, claims, and defenses made in their respective pleadings filed in this case and the Initial Action. At this time, Potter and Beacon do not believe that discovery should be conducted in phases.

1.      *Potter-Specific Discovery Issues*

Potential issues may arise from Defendants' supplemental production, which as noted above is expected to be completed on or before September 8, 2023. Potential issues may also arise from the subsequent depositions of Defendants' corporate representatives. Additionally, Potter and Defendants recently declared impasse with respect to (1) the production of Defendants' state and federal tax returns and (2) the production of communications and documents related to other acquisitions by Beacon. These issues will be presented to Magistrate Judge Wang.

2.      *Beacon-Specific Discovery Issues*

None at this time.

### C.      Disclosure, Discovery, and Preservation of Discoverable Information

Potter and Beacon discussed the production and preservation of potentially relevant information and documents, including electronically stored information. Potter and Beacon each intend to bear their own discovery costs in connection with this case absent extenuating circumstances which the parties do not presently anticipate.

The parties previously discussed the format of two small supplemental productions made by Defendants via emailed PDF attachments as opposed to those productions being made through Defendants' electronic documents database consistent with the Federal Rules of Civil Procedure Defendants' past practices in the Initial Action.[3] Defendants have agreed to reproduce the productions made via emailed PDF attachments, and to make any future supplemental productions, consistent with the Federal Rules of Civil Procedure and past practices (*e.g.*, TIFF, text and load files that include metadata, with word and excel documents produced natively).

### D.      Privilege or Protection of Trial Materials (Protective Order)

Subject to approval from the Court, Potter and Beacon agreed to adopt and use the stipulated confidentiality and protective order entered by the Court in the Initial Action. *See* ECF 77 (20-cv-04599).

### E.      Changes to the Limitations on Discovery

None at this time.  Potter and Beacon agree that discovery shall proceed pursuant to the Federal Rules of Civil Procedure, the Local Rules for the District Court for the Southern District of New York, and any applicable orders entered by the Court.

## V.      TRIAL

Potter and Beacon defer to the Court and its schedule for purposes of placing this case and the Initial Action in the trial pool and setting a date certain for trial.  The parties anticipate

---

[3] The productions were made in May 2023 and June 2023, respectively.

needing seven (7) trial days for these consolidated cases.

Potter and Beacon do not consent to the referral of this case to a magistrate judge for trial.

## VI.   OTHER MATTERS

None at this time.

Dated: August 4, 2023

FOX ROTHSCHILD LLP

By: /s/ John A. Wait
    John A. Wait
    101 Park Avenue, 17th Floor
    New York, New York 10178
    T: 212-878-7900 / F: 212-692-0940
    jwait@foxrothschild.com

    *Attorneys for Adam Potter*

WACHTEL MISSRY LLP

By: /s/ Scott D. Woller
    Marc Litt
    Scott D. Woller
    Stella Lee Sainty
    One Dag Hammarskjold Plaza
    885 Second Avenue, 47th Floor
    New York, NY 10017
    (212) 909-9500
    mlitt@wmllp.com
    swoller@wmllp.com
    slee@wmllp.com

    *Attorneys for Beacon*
    *Intercontinental Group, Inc.*

SO ORDERED this

2 day of August, 2023.

HONORABLE JOHN G. KOELTL